COLLINS, ET AL. VS. WARNER, ADM'R.

1. RIGHT OF ACTION: *To set aside fraudulent settlements by Administrator.*
  The administrator or executor of a deceased legatee only, and not his heirs, should sue to set aside the settlements of the administrator of his testator's estate.
  But the heirs may sue concerning the land descended to them from him.

2. ———; *For waste, conversion, etc.*
  A suit for waste or conversion of personal property of an estate, or to have the title to real property, purchased with the money of the estate, declared to be held in trust for the estate, must be brought by the administrator or executor.

APPEAL from *Chicot* Circuit Court in Chancery.

Hon. THEODORIC F. SORRELLS, Circuit Judge.

*Rose,* for appellant.

*Reynolds, contra.*

HARRISON, J.:

This was a complaint in equity, filed in the Chicot Circuit Court, by Sanford Collins, Thomas D. Collins, William R. Collins, R. E. Collins, J. C. Collins, R. S. Collins, Sr., Ephia Collins, Ann Eliza Collins, Bettie Collins, Benjamin Collins and Henry Collins, and Maria Collins as administratrix of F. G. Collins, deceased, against James H. Warner, and Elizabeth B. Warner, his wife, Benjamin P. Gaines, and Edward Collins; the material allegations of which, or such as need be stated, were that Henry H. Collins of said county, died some time in

the early part of the year 1862, seized and possessed of considerable estate consisting of land, slaves, money, and other personal property in said county, and also a tract of land in Kentucky; and leaving a will, by which, after bequeathing to his wife the said Elizabeth B., all his household and kitchen furniture; to Eli T. Wills $500, and to Margaret Bledsoe, a horse, saddle and bridle, he devised and bequeathed to his wife one-half of all his other property, both real and personal, for and during her life; and to his brothers, Sanford Collins, Thomas Collins, Samuel Collins, Tolbert Collins, John C. Collins, James Edward Collins and Robert Collins, the other half and the remainder of the half given his wife, after her death, in equal shares, except that Tolbert Collins was to have $200 more, and James Edward Collins one-tenth more than an equal portion with the others; and the portion of James Edward Collins was given for his life only, and after his death to his wife and children. If, however, so much as two-thirds of the estate was taken by the Federals, or destroyed by the war, his wife was to take all that remained, one-half absolutely, and the other for and during her life, with remainder to his said brother; but the share, or portion, to each brother was given upon condition, that he was true to the cause of the South in the war then between the states, and the shares of such of them as were not, was given to the others.

The property, except the legacies to Eli T. Wills and Margaret Bledsoe, which were directed to be paid immediately after his death, he directed to be kept together until the close of the war; and he appointed his wife and John C. Collins his executors.

That the will was duly probated; but neither of the executors named qualified and assumed the execution of it.

The widow, however, took charge of the property, and continued in the sole possession and control thereof, until some time in the latter part of the year 1863, when she intermarried with

Owen L. Richardson, who thereafter had the possession and control of it.

That previous to her marriage with Richardson, she purchased with money belonging to the estate, from Edward T. Jordan, a certain house and lot in Monticello, in Drew County, for which she paid $4500, the title to which she took in her own name; and she and the said Richardson otherwise wasted the property of the estate, and converted much of it to their own use; and the particulars of such waste and conversion were distinctly charged and set out, and that two-thirds of the property was not taken by the Federals, or destroyed during the war.

That, Richardson was, on the 19th day of May, 1866, appointed administrator, with the will annexed of the estate; that he filed an inventory, and thereafter three annual accounts of his administration, which inventory and accounts, were untrue and fraudulent, and in what respect and particular each was so, was specially charged and stated, and the accounts were approved and confirmed by the Probate Court, and that, because of the errors and frauds in them, the estate was shown upon his third and last settlement, to be on account of payments and disbursements for it, in debt to Richardson in the sum of $3590.33.

The defendants, James H. Warner and Benjamin P. Gaines, were the securities in the bond of Richardson, which was in the penal sum of $5000.

That Richardson died in 1872, intestate, and after his death the said Elizabeth B. qualified as executrix of the will, and she also took out letters of administration upon Richardson's estate, and that she had filed in the Probate Court, a petition, representing and setting forth, that two-thirds of the property of the testator's estate had been taken by the Federals, or otherwise destroyed during the war, and also that his estate was indebted to that of Richardson's in said sum of $3590.33, as found due

on his last settlement, and that there was not personal property sufficient to pay the same, and praying her title to one-half of the estate, exclusive of the household and kitchen furniture, and the legacies to Eli T. Wills, and Margaret Bledsoe, which appear to have been paid, absolutely, and of the other half for life, be declared and established by the court; and for an order for the sale, by a commission appointed for that purpose, of the land in Chicot County, or so much thereof as might be necessary to pay said indebtedness; and that the plaintiff appeared in the Probate Court and resisted the petition, which was still pending therein.

And that since the filing of the said petition, the said Elizabeth B. intermarried with the defendant, James H. Warner.

The prayer of the complaint was, that all further proceedings on the petition in the Probate Court to determine and declare the right of Mrs. Warner, under the will; and for the sale of the land to pay the demand of Richardson's estate, be restrained and enjoined; that the settlements of the accounts of Richardson be opened and set aside, and the accounts be corrected; that Mrs. Warner be declared to hold the title to the house and lot in Monticello, in trust for the estate, and be required to account for the rents and profits, and she and the securities of Richardson be decreed to pay the plaintiffs what they should be found to be entitled to.

Mrs. Warner filed a demurrer to the complaint as showing no equity or cause of action. The other defendants made no defense. The demurrer was sustained, and the complaint dismissed.

The plaintiffs appealed.

The complaint fails to show any interest in the subject of the suit in some of the plaintiffs. It appears, but only in the style of the action, that Ephia Collins, Ann Eliza Collins, Bettie Collins and Henry Collins are heirs of Tolbert Collins, but who or

what the interest of F. G. Collins was, or who William R. Collins, R. E. Collins, J. C. Collins and R. S. Collins, Sr., are, or what interest they have in the estate, is in no manner stated or shown.

Mrs. Warner, upon her marriage with James H. Warner, ceased to be executrix of the will of Collins, and the adminstratrix of Richardson—sec. 35, Gantt's Digest; and no representative of either Collins' or Richardson's estate was before the court.

The administrator or executor of Tolbert Collins only, and not his heirs, can sue to set aside the settlements of Richardson. *Lemon's heirs* v. *Rector*, 15 Ark., 436; *Pryor* v. *Ryburn*, 16 Ark., 671; *Atkins* v. *Guice, adm'r*, 21 Ark., 164; *Jacks* v. *Adair*, 31 Ark., 616.

Yet the heirs may maintain an action concerning the land descended to them from him; and a suit for waste or conversion of the personal property by Mrs. Warner; and to have the title to the house and lot purchased with the money of the estate, declared to be held by her in trust for the estate, must be by John C. Collins, the other executor named in the will, if he should undertake its execution, or by an administrator with the will annexed.

We are uanble to see why a Court of Equity should interpose to restrain the proceeding instituted by Mrs. Warner in the Probate Court, as any-one interested in the estate might appeal from any order that might be made therein, affecting his rights, and when the complaint was filed, she had ceased to be administratrix; and the application for the order for the sale of the land, which order, if made, would have been clearly unauthorized by law, was abated and no longer pending.

The court below did not err in sustaining the demurrer, and dismissing the complaint and its decree is affirmed.